Filed 12/27/22  Shahrokhfar v. Shahrokhfar CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| SHAROM SHAHROKHFAR, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MANOCHER SHAHROKHFAR, <br><br> Defendant and Appellant. | 2d Civil No. B318033 <br> (Super. Ct. No. D401962) <br> (Ventura County) |

Manocher Shahrokhfar appeals in propria persona from a domestic violence restraining order issued in favor of his brother, respondent Sharom Shahrokhfar.  Appellant contends the evidence is insufficient to support the issuance of the order.

Because there is no reporter's transcript or agreed or settled statement in lieu of a reporter's transcript, appellant is precluded from arguing that the evidence is insufficient. Accordingly, we affirm.

*Procedural Background*

In June 2021 respondent filed in propria persona a request for a domestic violence restraining order.  An evidentiary hearing was conducted on November 29, 2021.  A court reporter was not present.  The parties testified, and exhibits were received in evidence.  At the conclusion of the hearing, the trial court issued a domestic violence restraining order against appellant.

*Discussion*

Appellant claims the evidence is insufficient to support the issuance of the restraining order.  He asserts: "I think the judgment . . . was not fair because of neglecting the facts." (Capitalization omitted.)  "Although I explained everything in my defense in writing, the court did not pay enough attention."  He accuses the court of "[p]aying attention only to false claims."

There is no reporter's transcript of the evidentiary hearing.  Nor is there an agreed or settled statement in lieu of a reporter's transcript.  (See Cal. Rules of Court, rules 8.130(h), 8.134, 8.137.)  "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error.  [Citation.]  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript [or agreed or settled statement in lieu of a reporter's transcript] will be precluded from raising an argument as to the sufficiency of the evidence.  [Citations.]"  (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

*Disposition*

The domestic violence restraining order is affirmed.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, J.


We concur:


GILBERT, P. J.


BALTODANO, J.

3

William R. Redmond, Commissioner

Superior Court County of Ventura

_____

Manocher Shahrokhfar, in propria persona, for Defendant and Appellant.

Sharom Shahrokhfar, in propria persona, for Plaintiff and Respondent.